United States District Court
for the Western District of Texas
Austin Division

**FILED**

March 22, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ klw _____
                                    DEPUTY

United States of America              ))
    Plaintiff                          )
                                       )
v.                                     )        Cr. Case No. 1:21-CR-00203-LY-1
                                       )
Ryan Faircloth                         )
    Defendant                          )
_____)

### Defendant's Motion to Redact Inaccurate Information in PSR under Fed. Crim. R. Proc. 36

Ryan Faircloth, Defendant pro se, respectfully requests the Court for an order correcting the inaccurate language in his PSR that is currently being used by the BOP to erroneously and negatively affect his PATTERN and Security scores, preventing Faircloth access to certain rehabilitative programming and obstructing the execution of the oral pronouncement of Faircloth's sentence.

If an updated PSR, with the Court ordered corrections, exists then Faircloth respectfully requests this Court to provide the BOP with the updated PSR and order an expedited recalculation of Faircloth's custody scores to align the execution (correct scores) of his sentence with this Court's oral sentence and removing the BOP's misinterpretation of his incarceration custody data based on the PSR.

To establish good cause, Faircloth, states:

### I. Jurisdiction

The ability "to correct a clerical error in judgement, order, or other part of the record or correct an error in the record

- 1 -

arising from an oversight or omission" is within the scope of Rule 36. When the part of the written record fails to reflect the agreed and finalized facts of a case which are then used to alter the oral judgement set forth by the Court, Rule 36 allows for the correction of such clerical error(s) at anytime. See United States v. Mackay, 757 F.3d 195 (5th Cir. 2014) (Remanding for correction of an erroneous PSR even though the error "had no effect on [the defendant's] conviction or sentence." And since the PSR is "part of the record" under Rule 36, he is also entitled to its correction.); See Also United States v. Willis, 2023 U.S. App. LEXIS 20499 (5th Cir. Aug. 7, 2023) (Federal Rule of Criminal Procedure 36 permits the district court to "correct a clerical error in judgement, order, or other part of the record" at anytime.) Thus, this Court has the jurisdiction to correct Faircloth's PSR to reflect the court found facts of his conviction.

## II. Relevant Procedural History

March 15, 2022 Faircloth pled guilty to Arson (18 U.S.C. §844(i)). May 27, 2022 Faircloth was setnenced to a total of 72 months, 3 years of supervised release, $100 assessment fee, $5,000 in fines, and $12,472.84 in restitution.

During the process of compiling Faircloth's PSR, Probation Officer Marquez had made mention of a Molitov Cocktail being assembled at one point during the planning of Faircloth's crime (see Section VIII of the PSR), defining it as an "improvised explosive device", and being used to "maliciously damage ... by fire" a property.

The Austin Police report determined that the purported Molitov Cocktail was not used at all, and that the fire damage was instead

caused by "artillery shell" firecrackers. At sentencing, the Prosecution and this Court agreed that the type of device used in Faircloth's crime is not considered an explosive and that Faircloth did not qualify as a domestic terrorist. Language that was apparently in Faircloth's PSR.

Faircloth was not aware the BOP was using the uncorrected PSR attempting to enroll in particular programming at his facility. According to his case manager, Faircloth was being denied either access or incentives from programs because of his violence designation or "use of explosives" in his crime. The Court, as Faircloth remembers it, made a specific finding on this, and ordered the PSR corrected, yet the BOP's PSR still has the language describing the Molitov Cocktail.

Faircloth set an appointment with his Unit Manager to discuss what was in the BOP's version of his PSR and what he remembers being affirmed at his entencing. It was during this meeting, Faircloth and his Unit Manager discovered the language in parts of the PSR that were outdated and did not reflect the oral pronouncement based on the agreed upon facts by this Court.

Once this was discovered, Faircloth compiled relevant documentation he had in his possession, as well as from his retained attorney at the time, and generated the instant motion to correct the clerical error.

## III. Argument

Faircloth has been proactive in his rehabilitation since his incarceration. This is a mirror image of the rehabilitation Faircloth took part in prior to his federal commitment as mentioned

in his letters of support and noted in Faircloth's Sentencing Memorandum. Faircloth is currently enrolled in the Residential Drug Abuse Program (RDAP), has completed the Drug Education Treatment, and is on the waitlist for Non-Residential Drug Abuse Program, Anger Management, Criminal Thinking, and Embracing Interfaith.

Although Faircloth does not receive FSA Time Credits, he is fully immersed in rehabilitation programming to better himself upon release from prison. Even in areas the BOP has determined he does not have a need in.

However, the BOP's use of inaccurate information in Faircloth's PSR is not only classifying him erroneously in regards to his custody calculation and eligibility to participate in certain programming, but is preventing him from receiving certain incentives he is rightly earning for completing these rehabilitation programs. This disconnect will (if it is not already) effect the oral execution of Faircloth's sentence and his eligibility for certain reentry or rehabilitation programming, the clerical error must be fixed to relfect the actual intentions of this Court, matching its oral pronouncement.

## Requested Relief

Faircloth respectfully request the Court to:

1. Correct the PSR by redacting any mention of the word "explosive" or "Molitov Cocktail" as per the relied upon ploice report, and accepted by this Court, was not accurate to the execution of Faircloth's crime and sentence;

2. Send a corrected copy of the PSR to both DSCC in Grand Prairie, Texas and to Faircloth's current Unit Team at FCI Sandstone via the requested e-mail: sst-execassistant@bop.gov;

3. Order the BOP to update Faircloth's computation data to accurately reflect the corrected PSR used in their calculations and reevaluate Faircloth's eligibility for rehabilitative programming; and

4. Any other relief permitted by law.

RESPECTFULLY SUBMITTED THIS __19th__ DAY OF MARCH, 2024.

Ryan Faircloth
69958-509 Unit K-4
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of ____March____, 20 24 I placed with the Corrections Officer conducting AM LEGAL MAIL at FCI Sandstone, my addressed First Class postage affixed envelope(s) containing the originals(s) of

Defendant's Motion to Redact Inaccurate Information in PSR under Fed. Crim. R. Proc. 36

RECEIVED

MAR 2 8 2024

CLERK, U.S DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

and any supporting documents and attachments noted therein. The envelope(s) were addressed as follows:

Clerk of Court
United States District Court
Western District of Texas
Austin Division
501 W. Fifth St. Room 1100
Austin TX 78701

**PLEASE NOTE:** In the interest of efficiency the Clerk is respectfully requested to **SERVE**, via the ECF system, ALL PARTIES not listed above.

Further, I request the Court Clerk **FILE** the included motions and documents under the "Prisoner Mailbox Rule" on the **DATE** noted above. AM LEGAL mail call is the designated legal mail system at this institution.

Sworn as true and correct under pains and penalties of perjury.

Executed on the above noted date under 28 U.S.C. §1746.

Ryan Faircloth

Ryan Faircloth
69958-509 Unit K-4
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

LEGAL MAIL

Clerk of Court
United States District Court
for the Western District of Texas
Austin Division
501 W. Fifth St. Room 1100
Austin, TX 78701

⇔69958-509⇔
    Clerk Of Court
    501 W 5TH ST
    Room 1100
    Austin, TX 78701
    United States

SCREENED BY CSO
MAR 27 2024

SCREENED BY CSO
MAR 27 2024