UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA ) Docket No. A 21-CR-203(1) RP
                         )
vs.                      ) Austin, Texas
                         )
RYAN TAYLOR FAIRCLOTH     ) January 10, 2022


TRANSCRIPT OF REARRAIGNMENT/PLEA
BEFORE THE HONORABLE SUSAN HIGHTOWER


APPEARANCES:

For the United States:    Mr. G. Karthik Srinivasan
                          Assistant U.S. Attorney
                          903 San Jacinto Boulevard,
                          Suite 334
                          Austin, Texas 78701


For the Defendant:        Mr. Shawn C. Brown
                          Law Office of Shawn C. Brown
                          540 South St. Mary's Street
                          San Antonio, Texas 78205


Transcriber:              Ms. Lily Iva Reznik, CRR, RMR
                          501 West 5th Street, Suite 4153
                          Austin, Texas 78701
                          (512)391-8792

Proceedings reported by digital sound recording,
transcript produced by computer aided-transcription.

*LILY I. REZNIK, CERTIFIED REALTIME/REGISTERED MERIT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

(Proceedings commence at 10:18 a.m.)

THE CLERK:  Court is now in session for a guilty plea:  21-CR-203, United States vs. Ryan Faircloth.

MR. SRINIVASAN:  Good morning, your Honor.

Karthik Srinivasan for the government and I'm joined by TFO Ryan Metcalf with the FBI.

THE COURT:  Good morning, Mr. Ven.

MR. BROWN:  Good morning, your Honor.

Shawn Brown for Mr. Faircloth.  We're ready to proceed forward with the plea.

THE COURT:  Good morning, Mr. Brown.

I'll let the interpreter know we've reset the other plea for today.  That will be reset at a future time so you can go do the other work that I know you have to do.

THE INTERPRETER:  All right.

THE COURT:  Thank you.

So as Mr. Ferrell just said, we're here for a guilty plea in accordance with the Rule 11 of the Federal Rules of Criminal Procedure.  I'll ask Mr. Ferrell to please go ahead and administer the oath.

THE CLERK:  Will you please raise your right hand.  Do you solemnly swear or affirm that the testimony you may give in your case before the Court is the truth, the whole truth, and nothing but the truth?

THE DEFENDANT:  I do.

THE COURT:  Okay.  Thank you, Mr. Ferrell.

So, Mr. Faircloth, I need to make sure that you understand that you're now under oath and that if you answer any of my questions falsely, your answers may be used against you in another prosecution for perjury or for making a false statement.

Do you understand that, sir?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Your -- are you all sharing a microphone?  Maybe can you use the other microphone and point that up?  You -- whenever -- you don't have to speak too much, Mr. Faircloth, but just kind of lean into so we can make sure we have a good record.

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Perfect.  Thank you.

So in order to take your guilty plea, Mr. Faircloth, I need to advise you of several rights and ask you a series of questions.  Those are intended to make sure that you understand what you're doing by pleading guilty today.  So if there's any time that I say something you don't understand, if you can't hear me at any point -- you can hear me okay now, Mr. Faircloth?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  Thank you.

And that one was a little bit soft so I'll ask you when we get some more questions, I'll ask you just to speak up.  But if you need a minute to speak with Mr. Brown, or if you have a question, please stop me and we can take a recess and give you time to do that.  And that will be very important, sir, because our proceeding is being recorded today and you won't be able to come back later and say that you didn't understand what you were doing.

So could you please state your name, sir.

THE DEFENDANT:  Ryan Taylor Faircloth.

THE COURT:  Okay.  Thank you, once again.

I'm a United States Magistrate Judge and you have a right to plead instead before a district court.

Have you discussed this issue with Mr. Brown?

THE DEFENDANT:  Yes, ma'am, I have.

THE COURT:  And do you understand that you have the right to have a district judge hear your plea?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And do you waive your right to plead in front of the district court?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  And, Mr. Srinivasan, on behalf of the government, do you also consent to have me hear the defendant's guilty plea today?

MR. SRINIVASAN:  Yes, your Honor.

THE COURT:  Okay.  I find that both parties consent to have me conduct the guilty plea proceeding today.  And I also need to remind counsel that as required by Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady vs. Maryland and its progeny.  Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, and contempt proceedings.

So, Mr. Brown, these questions are for you and first is, have you had sufficient time to discuss this case with Mr. Faircloth?

MR. BROWN:  I have, your Honor.

THE COURT:  And did you discuss the charges against him and any possible defenses he might have to those charges?

MR. BROWN:  We did discuss those.

THE COURT:  And did you explain his constitutional and statutory rights?

MR. BROWN:  I did.

THE COURT:  Did you explain the sentencing guidelines and other sentencing factors?

MR. BROWN:  I did.

THE COURT:  Do you believe that Mr. Faircloth has a factual and rational understanding of these proceedings?

MR. BROWN:  I believe he does.

THE COURT:  And do you have any doubt as to your client's competence to enter a plea?

MR. BROWN:  I do not.

THE COURT:  Thank you, sir.

So, Mr. Faircloth, these questions are for you. And first, have you had enough time to talk to Mr. Brown?

THE DEFENDANT:  Yes, ma'am, I have.

THE COURT:  And have you told him everything you know about the facts and circumstances leading to your arrest?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Did he discuss the charges against you and any defenses to those charges?

THE DEFENDANT:  Yes, we have.

THE COURT:  Do you have any mental or physical condition that affects your ability to understand our proceeding today?

THE DEFENDANT:  No, ma'am.

THE COURT:  And are you under the influence of any medication or any drugs or alcohol that affect your ability to understand what we're doing in court today?

THE DEFENDANT:  No, ma'am.

THE COURT:  And are you satisfied with Mr. Brown's representation of you?

THE DEFENDANT:  Yes, ma'am, I am.

THE COURT:  Okay.  Thank you.

So you're pleading guilty today pursuant to a plea agreement and I'll ask Mr. Srinivasan if he can please summarize that agreement.

MR. SRINIVASAN:  Yes, your Honor.

The plea agreement is a fairly standard plea agreement.  In this district.  It begins with the defendant's agreement to plead guilty, the description of the statutory penalties, the factual basis for the plea continues on page 3, 4, and then, continues to an advisement of his rights, including the right not to plead guilty and other trial rights.  There is a waiver of his right to appeal or challenge sentence on page 6. Information about advice of counsel on page 7. Significantly, on pages 8 and 9, there's information about the guidelines, including a 11(c)(1)(B) non-binding recommendation to the district court, a sentencing range of 60 to 72 months would be appropriate in this case.  And then, a description of the defendant's financial obligations, which include an agreement to pay restitution.  And then, it concludes with the agreement of the parties.

THE COURT:  Thank you very much, Mr. Srinivasan.

So, Mr. Faircloth, have you read the plea agreement?

THE DEFENDANT:  Yes, ma'am, I have.

THE COURT:  And have you discussed it with Mr. Brown?

THE DEFENDANT:  I have, yes, ma'am.

THE COURT:  Did you understand it before you signed it, sir?

THE DEFENDANT:  Yes, ma'am, I did.

THE COURT:  And do you agree to be bound by it?

THE DEFENDANT:  I'm sorry, what was the question?

THE COURT:  Do you agree to be bound by the plea agreement?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  Thank you.

So I'll proceed to ask you some -- about some aspects of the plea agreement that Mr. Srinivasan mentioned.  First is that the plea agreement contains a waiver of your rights to appeal and that includes both what's called direct appeals and collateral attacks and the exceptions to that waiver of your appellate rights, sir, are very limited.  They include ineffective assistance of counsel, prosecutorial misconduct, or if the sentence that you receive is above the statutory maximum.

So, Mr. Faircloth, did you discuss this waiver of appellate rights with Mr. Brown?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And do you understand that you're waiving your right to appeal?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And as Mr. Srinivasan also mentioned, there is a non-binding sentence recommendation in this plea agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and that is a recommendation of 60 to 72 months imprisonment.

So I need to make sure you understand, Mr. Faircloth that the terms of the plea agreement are recommendations only to Judge Yeakel and that the district judge can reject the recommendation without permitting you to withdraw your guilty plea and impose a sentence that may be more severe than you anticipate.

Do you understand that, Mr. Faircloth?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  So you're pleading guilty pursuant to the indictment, which charges you with arson, in violation of Title 18 of the United States Code, Section 844(i).  Or is that a (1), Mr. Srinivasan?

MR. SRINIVASAN:  It's an (i), your Honor.

THE COURT:  An (i), thank you.

So the maximum penalties for that offense, sir, are a prison term of up to 20 years, a mandatory minimum prison term of five years, a term of supervised release lasting up to three years, a maximum fine of up to $250,000, mandatory monetary assessment of $100, and restitution in an amount to be determined by the Court.

So I want to make sure that you understand, Mr. Faircloth, the charge against you and the penalties that it can carry.

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And, Mr. Brown, is your client currently serving any term of probation, parole, release, or imprisonment for any other offense?

MR. BROWN:  He is not, your Honor.

THE COURT:  Okay.  Thank you.

So I need to mention, Mr. Faircloth, that there's no parole under federal law.  You have to serve the time to which you're sentenced, sir.

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Thank you.

So as I also mentioned, you may be sentenced to serve a term of supervised release, which is a period of supervision that's after the completion of any term of imprisonment to which you're sentenced.  And in this case, your supervised release may last up to three years.

During any term of supervised release, you would have to comply with the conditions set by the district court and be supervised by the United States Probation Office.  If you fail to comply with the terms of your supervised release, that release could be revoked and you could be sentenced to an additional term of imprisonment.  And if your release is revoked, you get no credit for the time you'd already spent on supervised release.

Do you understand what I've just said about supervised release, sir?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  So now I'll discuss sentencing.  When the district court decides your sentence, the Court will calculate the applicable sentencing guideline range and consider that range and any departures from the sentencing guidelines.  The Court will also consider some additional statutory factors and those include: the nature and circumstances of the offense, your history and characteristics, the seriousness of the offense, the need to promote respect for the law, to provide for just punishment, to afford adequate deterrence, to protect the public, to provide you with any educational or vocational training or medical care that you might need, to avoid unwarranted sentencing disparities, and to provide restitution to any victims of

the offense.

So the district court has discretion to impose a sentence within the guidelines or above or below them, Mr. Faircloth.  The guidelines are not binding on the district court.

So I want to ask, have you discussed with Mr. Brown the law on sentencing, including the possible effect that the sentencing guidelines will have on your sentence in this case?

THE DEFENDANT:  Yes, ma'am, I have.

THE COURT:  And do you understand that before you enter your guilty plea, no one can know, and you do not know, what your eventual sentence will be other than it won't be greater than 20 years?  Do you understand that sir.

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And, Mr. Faircloth, do you have any questions for me about sentencing?

THE DEFENDANT:  No, ma'am.

THE COURT:  So now I need to advise you of several of your rights.  First is that you have the right to plead not guilty.  If you pled not guilty, you'd be entitled to a jury trial.  You'd be entitled to representation by an attorney at all stages of the proceeding.

At trial, you'd be presumed to be innocent. The government would have to prove your guilt beyond a reasonable doubt and the jury verdict would have to be unanimous. You'd have the right to cross-examine the government's witnesses and to present evidence, including the right to subpoena witnesses. But you'd never have to prove your innocence and you wouldn't be required to call witnesses. Your case could include your testimony, but you would also have the right not to testify. The government couldn't require you to testify and if you chose not to do so at trial, the Court would instruct the jury that it could make no inference of your guilt from that fact.

By pleading guilty, Mr. Faircloth, you're waiving your right to a jury trial and all the other rights I just described. If the district court accepts your guilty plea, there will be no trial and Judge Yeakel will enter a judgment of guilty and sentence you after considering a presentence investigation report, which we'll discuss further in just a moment.

So, Mr. Faircloth, do you understand that if you plead guilty, you're waiving your right to a jury trial and all the other rights I just described?

THE DEFENDANT: Yes, ma'am.

THE COURT: I also need to let you know that if

you plead guilty, the Court may ask you questions about the offense.  If you answer those questions under oath and in the presence of your attorney and your answers are not truthful, the government could prosecute you for making a false statement or for perjury.

So also, as Mr. Srinivasan mentioned, your plea agreement includes a written factual basis and that starts towards the bottom of page 2 of your plea agreement and continues on towards the bottom of page 4.

So, Mr. Faircloth, you've reviewed the factual basis, correct?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And do you have any questions concerning the factual basis and the plea agreement?

THE DEFENDANT:  No, ma'am.

THE COURT:  And are those facts true?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  So, Mr. Faircloth, understanding the charge against you, the possible penalties that you face, and the rights that you're giving up, how do you plead today, sir, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Are you pleading guilty freely and voluntarily.

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Has anyone threatened you or forced you in any manner to plead guilty?

THE DEFENDANT:  No, ma'am.

THE COURT:  Has anyone made any promise other than the plea agreement that's causing you to plead guilty today?

THE DEFENDANT:  No, ma'am.

THE COURT:  Has anyone made any promise or prediction to you as to what your sentence will be?

THE DEFENDANT:  No, ma'am.

THE COURT:  Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  So I find that your plea of guilty is freely and voluntarily made.  I find that you understand the nature of the charge against you and the penalties that it can carry.  I find that you understand your constitutional and statutory rights and choose to waive them.  I find that you're competent to enter the plea of guilty, Mr. Faircloth.  I find that you're satisfied with Mr. Brown's representation in this case.  I find that you understand the plea agreement and agree to be bound by its terms and conditions and that there is a factual basis for your plea.

So I'll recommend to the district court that

based on the statements you've made under oath, your guilty plea should be accepted.  As I mentioned a moment ago, your case will now be referred to the United States Probation Office to prepare the presentence investigation report.  A copy of that report will be provided to you through Mr. Brown at least 35 days before sentencing. He'll then have 14 days to make written objections.

Any objections that can't be resolved between you and Mr. Brown, on the one hand, and the government and the probation office, on the other, will be resolved by the district court before sentencing.

Let me recess for one quick moment.  I have a question for Mr. Ferrell.

And that you've generally been successful on bond, but you did have the one positive marihuana test in November.  So I need to admonish you that any future drug use may result in possible revocation of your pretrial release.

Do you understand that, sir?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And do you agree to continue to abide by the conditions governing your release and to appear for all court proceedings?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  Thank you.

So is there anything further that we need to address today, Mr. Srinivasan?

MR. SRINIVASAN:  Not for the government.  Thank you.

THE COURT:  And, Mr. Brown?

MR. BROWN:  Nothing from the defense, your Honor.  Thank you very much.

THE COURT:  Okay.  Thank you.

And, Mr. Ferrell?

THE CLERK:  No, your Honor.

THE COURT:  Okay.  Thank you.

With that, our proceeding is adjourned and I wish you good luck, Mr. Faircloth.

THE DEFENDANT:  Thank you.

(Proceedings conclude at 10:32 a.m.)

*LILY I. REZNIK, CERTIFIED REALTIME/REGISTERED MERIT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

REPORTER'S CERTIFICATE


I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES, ON THIS 9th DAY OF APRIL, 2024.




*Lily Iva Reznik*

~~~~~~~~~~~~~~~~~~~~~~~~
*LILY I. REZNIK, CRR, RMR*
*Official Court Reporter*
*United States District Court*
*Austin Division*
*501 West 5th Street, Suite 4153*
*Austin, Texas 78701*
*(512)391-8792*
*SOT Certification No. 4481*
*Expires:  1-31-25*